[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-14998
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2008
THOMAS K. KAHN
CLERK

Agency No. A98-381-328

DESIREE CAROLINA COLMENAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition For Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(August 26, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Desiree Carolina Colmenarez, a native and citizen of Venezuela, petitions

for review of the adoption and affirmance by the Board of Immigration Appeals

("BIA") of the decision of the Immigration Judge ("IJ") denying asylum and withholding of removal.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the decisions of the IJ and the BIA in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). An IJ's factual determination that an alien is unentitled to relief "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

We address Colmenarez's asylum claim first. She argues that she is entitled to asylum because she established past persecution and a well-founded fear of future persecution. The IJ concluded that her asylum application was untimely and that she failed to demonstrate an exception to the filing deadline.[2] The

---

[1] The decision also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But on appeal, Colmenarez does not offer argument on this claim; and thus, it is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

[2] Colmenarez entered the United States in 2002 and filed her asylum application in 2004.

government asserts that we lack jurisdiction to review Colmenarez's asylum arguments.

We review our subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered if the alien demonstrates either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified. 8 U.S.C. § 1158(a)(2)(D). But the decision of whether the time-bar should be waived for an untimely application is left exclusively to the Attorney General; so we do not have jurisdiction to review a decision about whether an alien such as Colmenarez complied with the one-year time limit or established circumstances that would excuse her untimely filing. Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954, 956-57 (11th Cir. 2005). Therefore, we decline to address Colmenarez's substantive asylum aruguments and dismiss the petition for review on her asylum claim.

We now address Colmenarez's withholding of removal claim. An alien seeking withholding of removal must show that her life or freedom would be

3

threatened because of a protected ground, such as political opinion. See 8 U.S.C. § 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that she more-likely-than-not would be persecuted or tortured upon return to her country of nationality. Mendoza, 327 F.3d at 1287. The alien may satisfy this burden by showing past persecution on account of a protected ground.[3] Id. An alien who has not shown past persecution may still be entitled to withholding of removal if she can demonstrate a future threat to her life or freedom on a protected ground. Id.; see also 8 C.F.R. § 208.16(b)(2).

Here, Colmenarez asserted that she was persecuted because of her political opinion: her support of the Democratic Action party and opposition to the Bolivarian Circles. Her problems began when she started remodeling her house. Rodolfo Molina, a representative of the neighborhood board -- who she later learned was associated with the Bolivarian Circles -- told her she needed a permit and ordered her to stop construction. Colmenarez claimed that Molina had no authority to request that she obtain a permit; but she did, in fact, obtain the necessary permit. According to Colmenarez, Molina had a cousin in the police

---

[3]If the alien establishes past persecution in her country based on a protected ground, it is presumed that her life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom no longer would be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. Id.

department, and Molina used the police to continue harassing Colmenarez about her remodeling project. On one occasion, the police came to her house and ordered her to stop construction; when she questioned their authority, they told her she was being disrespectful, pointed their guns at her, and threatened to arrest her. A neighbor contacted another policeman to intervene so that she would not be arrested. Colmenarez believed that she was threatened because she did not share the ideology of the Bolivarian Circles.

The IJ determined, and the BIA agreed, that Colmenarez had not suffered past persecution in Venezuela and did not face a future threat of persecution if she returned. The IJ noted that Colmenarez admitted that she did not actually belong to a party organization and provided only her generalized assertion that she supported the Democratic Action party. The problems she faced in Venezuela stemmed from a dispute over building permits. Thus, she did not show that she was targeted because of her political opinion. Because she did not meet the burden of proof required for asylum, the IJ concluded, she also did not meet the higher standard to qualify for withholding of removal.

On appeal, Colmenarez argues that she was persecuted because of her imputed political opinion. After review, we conclude that the evidence does not compel the conclusion that Colmenarez was entitled to withholding of removal.

The incidents alleged by Colmenarez are about a neighborhood building-permit dispute. Though she alleges that Molina's and the police's harassment of her over the permits was because of her political opinion, nothing in the record evidences this connection.[4] Colmenarez admitted that she belonged to no party organization and did not otherwise elaborate on her party affiliation or activities. While she testified that Molina was part of the Bolivarian Circles and targeted her because of her opposition opinion, she simply provided no evidence that Molina knew of her opinions or targeted her because of them; in fact, she testified that Molina informed her he was enforcing a municipal statute. Without a political-opinion connection, Colmenarez cannot demonstrate that she would be singled out for persecution upon return to Venezuela. See Sepulveda, 401 F.3d at 1231 ("The applicant must . . . establish a causal connection between the political opinion and the feared persecution, presenting specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion.") (internal quotation omitted). Therefore, we deny the petition for review on withholding of removal.[5]

---

[4]Colmenarez provided no documentary evidence in support of her claims other than her passport.

[5]After determining that Colmenarez suffered no past persecution and did not face a future threat of persecution on account of a protected ground, the IJ also determined that she was not credible. Even though the IJ's initial analysis is dispositive of this appeal, we note that substantial evidence also supports the IJ's adverse credibility determination. Colmenarez's testimony about her support

PETITION DISMISSED IN PART, DENIED IN PART.

---

of the Democratic Action party was vague and undetailed, and she produced no corroborating evidence. See Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (the weaker the applicant's testimony, the greater the need for corroborative evidence). Additionally, important inconsistencies existed between her asylum application and testimony. For instance, she failed to include in her application the incident where police allegedly pointed guns at her. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) ("Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments.").